# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4208-18

T.O.

      Plaintiff-Appellant,

v.

J.P.,

      Defendant-Respondent.

_____

          Submitted February 8, 2021 – Decided November 24, 2021

          Before Judges Messano and Smith.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FD-20-1233-18.

          Bernado W. Henry, attorney for appellant.

          William E. Agrait, attorney for respondent.

     The opinion of the court was delivered by

SMITH, J.A.D.

Plaintiff T.O. appeals the trial court's order granting defendant J.P. custody of their daughter, K.O.[1] She seeks a de novo review of the trial court's findings and argues that the court misapplied N.J.S.A. 9:2-4(c) in making the custody award. We disagree and affirm for the reasons set forth below.

Plaintiff and defendant are both truck drivers. They met at work sometime in 2014 to 2015. Defendant was separated from his wife at that time and cohabitated with plaintiff during parts of 2016 and 2017. The parties had one child, K.O., who was born October 15, 2016. Plaintiff has two other children, now aged thirteen and nineteen. Defendant has three other children, all adults. During the parties' break-up in May 2017, defendant got into a fight with plaintiff's then seventeen-year-old son Eric[2], resulting in injuries to the plaintiff, who attempted to intervene and break up the fight. As a result, plaintiff, alleging harassment and assault as predicate acts, secured a temporary restraining order (TRO) against defendant.

At the final restraining order (FRO) hearing, the record showed that in the months leading up to the hearing, the parties exchanged over 3,800 phone calls

---

[1] We use initials to protect the parties' confidentiality, as well as that of their child. R. 1:38-3(d)(10).

[2] In order to protect his privacy, we use the pseudonym Eric to identify T.O.'s seventeen-year-old son.

or texts. In a comprehensive oral opinion, the trial court dismissed the TRO on defendant's motion, making extensive findings, among them: plaintiff was not credible, and her testimony was in fact inconsistent with the testimony of Eric her son; she failed to make a prima facie case to prove the predicate act of harassment or assault; and an analysis of the record in light of the Silver factors revealed neither a history of domestic violence nor evidence of plaintiff's fear that would warrant further protection of the court.[3]

On May 2, 2018, as part of plaintiff's application for child support, a different family court judge established a plenary hearing schedule to resolve the issue of custody, which had been left unaddressed by the parties since their break-up a year earlier. Hearings took place July 9, July 10, and November 29, 2018. Witnesses included plaintiff, her son Eric, plaintiff's housekeeper Carmen Velez, defendant, defendant's ex-wife Carmen Pena, and Dr. Kristin M. Davin, a psychologist that performed a "best interest" assessment.

The trial judge, Thomas K. Isenhour, J.S.C., analyzed the child custody factors set forth in N.J.S.A. 9:2-4(c). See Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007). Judge Isenhour's thorough analysis touched on all fourteen factors cited in the statute, applying the facts as he found them based

---

[3] Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

on the credible evidence in the record. The judge made multiple findings, among them: "the plaintiff was less likely to agree, communicate, and cooperate [with defendant] in matters relating to K.O."; "were the court to grant [T.O.] residential custody, the court [would have] no confidence that plaintiff would not seek to . . . alienate defendant and prevent him from seeing K.O."; there was no history of domestic violence between the parties, specifically citing the TRO dismissal and noting that plaintiff's allegations of domestic violence were in the record through Dr. Davin's best interest testimony; that the judge, based on the evidence in the record, did not find the safety of K.O. or the parties at risk, finding plaintiff's allegations of inappropriate sexual conduct and domestic violence not credible; that both parties were capable of providing a financially stable home environment, but that defendant could "provide the more stable environment" given plaintiff's work schedule and tempestuous relationship with her older children and extended family; and that even though Dr. Davin testified that both parents were "fit and capable of caring for" K.O., defendant was the more "fit" parent, because his home life was "less chaotic," and the judge found him to be "more emotionally stable."

After accounting for his findings, and then balancing the statutory factors using those findings, Judge Isenhour concluded that it was in the best interest of

4

K.O. to award defendant sole custody of the two-year-old child. The judge went on to eliminate the options of joint or shared custody, finding that "the plaintiff harbors a degree of resentment and rancor . . . [resulting in an] inability to put that aside . . . [which] preclude[s] her from acting in K.O.'s best interest." The judge concluded that he could not find that "the parents [would] be able to isolate their personal conflicts in their roles as parents and that the children be spared whatever resentments and rancor the parents may harbor." See Beck v. Beck, 86 N.J. 480, 498 (1981). The plaintiff appeals, arguing the following before us:

> THE TRIAL COURT'S DETERMINATION OF THE ULTIMATE FINDINGS SHOULD BE REVIEWED DE NOVO AND THE TRIAL COURT'S DECISION TO TRANSFER CUSTODY SHOULD BE REVERSED BECAUSE THE TRIAL COURT INCORRECTLY INTERPRETED THE STATUTORY REQUIREMENTS NECESSARY. (Not Raised Below)

Plaintiff argues for the first time before us that we should engage in a "de novo review" of the trial court's findings, and further argues that the trial judge misapplied N.J.S.A. 9:2-4(c). "[I]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public

interest." Ricci v. Ricci, 448 N.J. Super. 546, 567 (2017) (alteration in original) (quoting Zaman v. Felton, 219 N.J. 199, 226-27 (2014)). See also Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2020). As plaintiff has raised this sole issue on appeal, we briefly address the merits for the sake of completeness.

We accord "great deference to discretionary decisions of Family Part judges[,]" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citations omitted), in recognition of the "family courts' special jurisdiction and expertise in family matters . . . ." N.J. Div. of Youth & Fam. Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We are bound by the trial court's factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." Id. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, "[a] trial court's interpretation of the law and the legal

consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

In a child custody case, the best interests of the child are a paramount consideration. Beck, 86 N.J. at 497. The court should seek to advance these interests when the parents "are unable to agree on the course to be followed." Asch v. Asch, 164 N.J. Super. 499, 505 (App. Div. 1978). What is in the child's best interest may have the effect of limiting parental rights. See Sacharow v. Sacharow, 177 N.J. 62, 80 (2003). When the parties submit their disputes to the Family Part, the court may "impair to some extent one of the parties' parental rights," and in such cases "the sole benchmark is the best interests of the child." Ibid.

A court should consider several factors in determining custody arrangements. N.J.S.A. 9:2-4(c). "[U]nder a joint custody arrangement[,] legal custody — the legal authority and responsibility for making 'major' decisions regarding the child's welfare — is shared at all times by both parents." Sacharow, 177 N.J. at 81 (quoting Beck, 86 N.J. at 486-87). Although the rights of joint custodians are equal, a court can order sole custody to one parent or "[a]ny other custody arrangement as the court may determine to be in the best interests of the child." N.J.S.A. 9:2-4(c). We review

A-4208-18

the Family Part judge's determination to determine if there was substantial credible evidence in the record. Cesare, 154 N.J. at 411.

Plaintiff asks us to engage in a de novo review of the trial judge's findings and also conclude that the trial judge erred in his application of N.J.S.A. 9:2-4(c). We find no merit in the appeal as framed by plaintiff and decline to take either step. The record shows that the findings of the custody trial judge were supported by substantial credible evidence in the record, including the testimony of plaintiff's son and housekeeper, and we are bound by those findings. M.M., 189 N.J. at 279. The judge engaged in a thorough review of the facts in light of the statutory factors set forth in N.J.S.A. 9:2-4(c) as well as the core child custody principles set forth in detail above. We discern no basis to disturb the award of sole custody to defendant. Subject to a showing of changed circumstances, plaintiff retains her right to pursue modification of the custody order in the Family Division. See Bisbing v. Bisbing, 230 N.J. 309, 322 (2017).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION